UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RHODES, | No. 2:13-cv-1240 JAM AC PS |
| Plaintiff, | |
| v. | ORDER |
| THE CALIFORNIA DEP'T OF CORRECTIONS, ET AL., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff's original complaint was previously dismissed and leave to amend was granted. Plaintiff has now filed a first amended complaint, which the court now reviews.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

1  490 U.S. at 327.

2  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the first amended complaint, plaintiff brings suit against the Sacramento County Police Department, the City of Sacramento, and the Sacramento County Public Law Library for violations of his constitutional rights stemming from the May 23, 2013 "Notice of Trespass" he received.  Unfortunately, the amended pleading lacks essential details, rendering it difficult for the court to analyze plaintiff's claims.  For example, though plaintiff states that he received a Notice of Trespass "due to his utilizing the Sacramento County Public Law Library for legal research," the issuance of such a notice, without more, does not constitute a violation of plaintiff's constitutional rights.

The court has therefore determined that the amended complaint, like the original pleading, does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the first amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the first amended complaint, plaintiff must set forth the

jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under § 1983 unless there is some affirmative link between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (9176); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Also pending is plaintiff's motion for default judgment. The Ninth Circuit Court of Appeals has stated that Federal Rule of Civil Procedure 55 requires a "two-step process" to obtain default judgment, consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment' ").

In light of the requirement to obtain entry of default before seeking default judgment, courts deny motions for default judgment where default has not been previously entered. See, e.g., Marty v. Green, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) ("Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural steps required to properly file a motion for default judgment. Specifically, plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion for default judgment."); Norman v. Small, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default

1  judgment because "the clerk has not entered default"); Bach v. Mason, 1901 F.R.D. 567, 574 (D.
2  Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first
3  obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment
4  is improper, it is denied.").
5       In this case, default has not been entered against any of the defendants. Without first
6  obtaining an entry of default against the defendants, plaintiff's motion for default judgment is
7  improperly before this court. See Bach, 190 F.R.D. at 574. Furthermore, entry of default may
8  not be obtained unless and until defendants have been served and have failed to plead or
9  otherwise defend as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). This
10 case is not yet in that posture. Accordingly, this request will be denied.
11      In accordance with the above, IT IS HEREBY ORDERED that:
12     1. Plaintiff's first amended complaint is dismissed;
13     2. Plaintiff's motion for default judgment (ECF No. 6) is denied; and
14     3. Plaintiff is granted thirty days from the date of service of this order to file a second
15        amended complaint that complies with the requirements of the Federal Rules of Civil
16        Procedure, and the Local Rules of Practice; the amended complaint must bear the
17        docket number assigned this case and must be labeled "Second Amended Complaint";
18        plaintiff must file an original and two copies of the second amended complaint; failure
19        to file a second amended complaint in accordance with this order will result in a
20        recommendation that this action be dismissed.
21 DATED: February 6, 2014

                                                  _/s/ Allison Claire_
                                                  ALLISON CLAIRE
                                                  UNITED STATES MAGISTRATE JUDGE