]

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RHODES, | No. 2:13-cv-1240 JAM AC PS |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| THE CALIFORNIA DEP'T OF CORRECTIONS, ET AL., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff's original and first amended complaints were previously dismissed for failure to state a claim. Plaintiff has now filed a Second Amended Complaint.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the Second Amended Complaint, as in the previous iterations, plaintiff brings suit against the Sacramento County Police Department, the City of Sacramento, and the Sacramento County Public Law Library for violations of his constitutional rights stemming from his May 23, 2013 receipt of a "Notice of Trespass" while visiting the Sacramento County Public Law Library. Plaintiff's factual allegations are reproduced here:

> Plaintiff is suing The Sacramento Police Department, The City of Sacramento, and the Sacramento County Public Law Library pursuant to Title 42 U.S.C. Section 1983 inasmuch as apparently Officers Stotlyfus and Wolfe of the Sacramento Police Department confronted plaintiff while acting under color of state law and thereafter committed an affirmative act which caused the deprivation of the plaintiffs constitutional and civil rights. . . .
>
> With particularity, allegedly on or around 5/23/2013 the plaintiff Andre Rhodes was issued a "Notice of Trespass" at the Sacramento County Public Law Library and was instructed by police officers not to return due to the plaintiff utilizing the library for legal research while submitting motions and request for indictment of various clerks within the United States District Court, Eastern District of California whom had entered into a "conspiracy against the plaintiffs rights" in violation of Title 18 U.S.C. Section 241, 242, and 245.

Sec. Am. Compl. at 1.

A.   Claims Against Public Entities

Plaintiff names two public entities as defendants: the Sacramento County Police Department and the City of Sacramento. For the reasons stated here, plaintiff fails to state a claim against either.

2

Generally, to state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). To state a claim under § 1983 against a public entity not personally involved in a constitutional violation, a plaintiff must allege a constitutional injury resulting from a "policy, practice, or custom of the local entity." Avalos v. Baca, 517 F. Supp. 2d 1156, 1162 (C.D. Cal. 2007) (citing Monell v. Dep't of Soc. Srvs., 436 U.S. 658, 694 (1978)). As relevant here, this type of claim can be asserted on three different bases. First, a public entity may be held liable when "implementation of . . . official policies or established customs inflicts the constitutional injury." Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting Monell, 436 U.S. at 708 (Powell, J., concurring)). Second, such liability may arise when a failure to act amounts to "deliberate indifference to a constitutional right." Id. (internal quotation marks omitted). Third, this type of liability may arise when "an official with final policy-making authority . . . ratifies a subordinate's unconstitutional decision or action and the basis for it." Id. (quoting Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Regardless of the theory underlying plaintiff's claim, however, plaintiff must provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff has not done so here. In this regard, plaintiff fails to allege the substance of an official policy or custom. Hernandez, 666 F .3d at 637 (holding that bare allegation that government officials' actions occurred pursuant to an official policy or custom is insufficient to state a Monell claim in the wake of the Ninth Circuit's decision in Starr, 652 F.3d at 1216). Moreover, plaintiff does not allege an omission by these defendants that rises to the level of "deliberate indifference to a constitutional right" because the Second Amended Complaint lacks factual allegations regarding defendants' failure to provide a "particular kind of training" that show a "deliberate indifference to the possibility of a constitutional violation." See Dorger v. City of Napa, 2012 WL 3791447, at *4 (N.D. Cal. 2012) (citing City of Canton v. Harris, 489 U.S. 378, 390 (1989) (discussing the pleading requirements

3

1 for a Monell claim based on a failure to train).  Finally, the Second Amended Complaint lacks

2 factual allegations indicating that an individual with final policymaking authority ratified an

3 unconstitutional decision.  See Clouthier, 591 F.3d at 1249.  Accordingly, the Court finds that

4 plaintiff fails to state a claim against the named entity defendants.

5      B.      Claims Against the Sacramento County Public Law Library and Individual Officers

6         Plaintiff also names the Sacramento County Public Law Library as a defendant.

7 Additionally, while plaintiff does not name any individual defendants in this action, the Court

8 construes the complaint liberally, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and

9 finds that plaintiff may be able to name Officers Stotlyfus and Wolfe of the Sacramento Police

10 Department.  Even so, plaintiff's Second Amended Complaint lacks sufficient allegations to state

11 a claim against any of these defendants.  Plaintiff states that he received a Notice of Trespass and

12 was instructed by Officers Stotlyfus and Wolfe to not return to the Sacramento County Public

13 Law Library, but plaintiff provides no details concerning the circumstances of the issuance of this

14 notice.  Though a right to use public libraries has been recognized by the courts, see Kreimer v.

15 Bureau of Police for the Town of Morristown, 958 F.2d 1242, 1255 (3rd Cir. 1992) (recognizing

16 "the right to some level of access to a public library, the quintessential locus of the receipt of

17 information"), that right is not unqualified.  Id.  A person may be constitutionally deprived of a

18 liberty interest if afforded due process.  Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 716

19 (9th Cir. 2011).  Here, despite a prior directive to provide additional details concerning his receipt

20 of the Notice of Trespass, plaintiff provides no new allegations supporting his conclusion that his

21 constitutional rights were violated.  Although the Federal Rules adopt a flexible pleading policy, a

22 complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

23 v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

24 least some degree of particularity overt acts which defendants engaged in that support plaintiff's

25 claim.  Id.  Because plaintiff has again failed to comply with the requirements of Federal Rule of

26 Civil Procedure 8(a)(2), the Second Amended Complaint must be dismissed.

27         Moreover, because plaintiff has failed to state a cognizable claim for relief despite three

28 opportunities to do so, the Court will recommend that plaintiff's complaint be dismissed without

1  leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit
2  case law, district courts are only required to grant leave to amend if a complaint can possibly be
3  saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely.").  A
4  district court's discretion over an amendment is "especially broad" where the court has already
5  given plaintiff one or more opportunities to amend the complaint.  DCD Programs Ltd. v.
6  Leighton, 833 F.2d 183, 186 n.4 (9th Cir. 2003); see also Sisseton-Wahpeton Sioux Tribe v.
7  United States, 90 F.3d 351, 355 (9th Cir. 1996) (finding previous amendments and the futility of
8  proposed amendment warranted denial of leave to amend).  It also may be appropriate to deny
9  leave to amend where the proposed amendment "merely restates the same facts using different
10 language, or reasserts a claim previously determined." DCD Programs, 833 F.2d at 188 (quoting
11 Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1244 (7th Cir. 1983)).

    In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's Second Amended Complaint be dismissed without leave to amend.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE